THE EMPIRE LAND AND CANAL COMPANY v. THE BOARD OF COUNTY COMMISSIONERS OF RIO GRANDE COUN- TY ET AL.

1. DEMURRER.

An objection that there is a misjoinder of parties defendant cannot be raised by a joint demurrer by all the defendants.

2. CONSTITUTIONAL LAW—EXEMPTION FROM TAXATION—IRRIGATING DITCHES.

The provision of the constitution contained in section 3, article 10 there- of, was adopted to relieve from separate taxation only those canals which are exclusively used for irrigating lands owned by those who own the canal in whole or in part.

3. PLEADINGS—CONSTRUCTION THEREOF.

By fair construction of the allegations of the complaint in this action, it appears that the various individuals to whom the plaintiff cor- poration has sold water rights have become shareholders in the corporation and have acquired an interest in its canal.

4. WATER RIGHTS—INTEREST IN CANAL.

The rule settled in *Wyatt v. The Larimer and Weld Irrigation Co.*, 18 Colo. 298, relating to the interest of the holder of a water right in the ditch itself, is reaffirmed.

5. IRRIGATING DITCH—EXEMPTION FROM TAXATION.

If the exclusive use of a canal is to irrigate lands of the corporation and its shareholders, it is exempt from separate taxation. If the canal is owned by the corporation and individuals, and is exclusively used to irrigate their lands, it is also exempt.

*Error to the Court of Appeals.*

THIS is an action brought in the district court of Rio Grande county by the plaintiff in error against the treasurer and board of county commissioners of Rio Grande county to restrain the treasurer from proceeding to collect an alleged illegal tax assessed and levied against the Empire Canal, the property of plaintiff in error, and to obtain an order requir- ing the board to cancel the tax so imposed.

The complaint alleges that the plaintiff is a corporation duly organized and existing under and by virtue of the laws of the state of Colorado, and that it is the owner of the

Empire Canal, part of which is situate in Rio Grande county. The third paragraph of the complaint is inserted in full, so that it may clearly appear upon what ground the plaintiff claims that the tax is illegal:

" That plaintiff is the owner of many thousands of acres of lands lying under said canal, and capable of being and intended to be irrigated therefrom, and many thousands of acres of which are being irrigated from the said canal, and which lands have no other source of irrigation ; that said canal is not used for the irrigation of any other lands than the lands owned and held by plaintiff, as aforesaid, except for the irrigation of lands owned and held by parties who became individual members of this plaintiff corporation by virtue of purchasing an interest in said canal, which interest so purchased is always evidenced by a deed of conveyance by which one or more shares of water rights in said canal are by this plaintiff conveyed to the purchaser, or by a contract for a deed of one or more shares of water rights as aforesaid, the contract being entered into between plaintiff and such purchaser, when such shares or water rights shall not be fully paid for at the time of the making of the contract, and such deed being made by plaintiff to said purchaser at the date and time of full payment for such shares and water rights as are so purchased; the said contract and the said deed invariably providing that the purchaser thereof shall use the water to which he shall become entitled by reason of purchasing such interest in said canal, on lands therein described and to be relocated by such purchaser only upon other lands owned or controlled by said purchaser; that each share or water right above mentioned and referred to represents 1.44 cubic feet per second of time, and by the purchase and ownership thereof becomes a member of plaintiff corporation and is assessed for the maintenance of said canal as a shareholder thereof, and is thereby entitled to vote and have a voice in the management of plaintiff company ; and under the terms of such contract and deed as aforesaid, when plaintiff shall have sold and shall have out-

standing and in force a number of water rights, by contract
or deed, or by both such contract and deed, equal to the
estimated capacity of said canal to furnish water, and two
fifths of the contract price for the same shall have been paid,
then the holder or holders of such contracts and deeds for
water rights shall have a voice and vote in the management
of the affairs of said company's canal, proportioned to the
interest which said purchaser's contract or deed bears to the
entire number of contracts and deeds outstanding.    And
when two thirds of all such outstanding rights have been
fully paid for according to the terms of the several contracts
entered into or deeds made, then the title to said canal shall
pass to the owners or holders of contracts or deeds for such
water rights at the time and on the plan following, namely,
within sixty days thereafter, at such time as may be fixed by
the board of directors of this plaintiff, said board of directors
shall hold a meeting for the purpose, and thereat designate
five persons, who are at that time owners of water rights
under said canal, to be the incorporators of a new company,
to be incorporated under the laws of the state of Colorado,
and which said five persons, within thirty days thereafter,
shall subscribe to articles incorporating a new stock com-
pany, under a new name, and said five persons shall be the
directors for the first year, and immediately following the
signing and filing of the articles of incorporation, the direc-
tors thereof shall organize, make by-laws, procure a seal, and
otherwise proceed as the law directs ; and at said time they
shall issue of the capital stock of the new company, fully
paid, to the owners of said water rights, such a proportion
of the whole of said stock as the water rights each owner
thereof has will bear to the whole amount of water rights
sold as aforesaid.    And when water rights shall have been
fully paid as aforesaid, and said five persons shall have been
named as aforesaid, and notified in writing of that fact, and
that said water rights had been fully paid as aforesaid, the
said new company, and the stockholders thereof, shall there-
after be the owners and in control of the said canal, and the

water of the same; and said canal and its lateral ditches are not used for the irrigation of any other lands than those owned and held by the plaintiff company, or individual members thereof, as above mentioned and referred to, and has never been otherwise used at any of the dates and times in this complaint mentioned, nor at all; that a very large proportion of the shares of water rights of said canal have been sold, and plaintiff is proceeding to sell the remainder thereof at a rapid rate."

In all other respects the complaint sets forth facts which entitle the plaintiff to the relief prayed for against the treasurer.

Mr. J. P. BROCKWAY, Messrs. TELLER, ORAHOOD & MORGAN and Mr. J. W. McCREERY, for plaintiff in error.

Mr. G. P. WILSON, Mr. C. M. CORLETT, Mr. IRA J. BLOOMFIELD and Messrs. ROBINSON & LOVE, for defendants in error.

MR. JUSTICE CAMPBELL delivered the opinion of the court.

To this complaint in the district court a demurrer was interposed upon two grounds, which are urged here: *First*, that there is a misjoinder of parties defendant; and, *second*, that the complaint does not state facts sufficient to constitute a cause of action. The demurrer is a joint demurrer of the two defendants, but, in order to entitle such one as is improperly joined as a defendant (if there is any such misjoinder) to raise this question, a separate demurrer should have been filed by him who is improperly joined. As this objection cannot be raised by a joint demurrer, the only question is upon the second ground. The district court sustained the demurrer, and upon appeal to the court of appeals the judgment was affirmed, and from the latter judgment the plaintiff has brought the case by writ of error to this court.

The tax is claimed to be illegal because the property upon which it was assessed and levied is exempt from taxation under section 3 of article 10 of the constitution, which is as follows: " Ditches, canals and flumes owned and used by individuals or corporations for irrigating lands owned by such individuals or corporations, or the individual members thereof, shall not be separately taxed so long as they shall be owned and used exclusively for such purpose."

By this provision of the constitution, ditches, canals and flumes may be divided into three general classes: (1) Those owned by one or more individuals, and exclusively used for irrigating the lands of said individuals, or the lands of any of them; (2) those owned by a corporation, and exclusively used for irrigating lands belonging to the corporation and lands belonging to shareholders of the corporation; or lands of the corporation or the shareholders, or any thereof; (3) those owned in part by a corporation and partly by individuals, and exclusively used for irrigating lands belonging to the corporation and to said individual owners, or the lands of the corporation or said individuals, or any thereof.

While the complaint avers that the plaintiff corporation is the owner of the Empire Canal, there is nothing, except by way of inference, to show for what purpose such corporation was organized. But a fair construction of the pleading is that the principal purpose was to sell for profit lands owned by the corporation, and as incident thereto, and to facilitate the same, to build a canal and to sell with the lands water rights to irrigate the same.

That such canal may be exempt from separate taxation— that is, exempt from taxation separate from taxation of the lands irrigated by such canal—depends upon the use to which it is devoted. It is contended by plaintiff in error, *first*, that the word " exclusively " in the constitutional provision relates not to the persons or corporations who, as owners, make use of the canal, but to the character or nature of that use; that if the canal is exclusively used for the purpose of irrigating lands, the canal is exempt from taxa-

tion, whether the lands belong to the owners of the canal, or to others.

But this language will bear no such forced interpretation. In the absence of this provision, all canals, irrespective of the use made of them, would be subject to separate taxation. Taxation is the rule; exemption from taxation the exception. This provision was adopted to relieve from separate taxation only those canals which are exclusively used for irrigating the lands owned by those who own the canals either in whole or in part. If it exempts all canals so long as they are exclusively used for irrigation, then practically no canals can be taxed, and the provision is meaningless.

Upon the theory that the exemption applies only to canals exclusively used to irrigate lands of their owners, plaintiff in error contends, *second*, that the complaint shows that the canal is exclusively used to irrigate (*a*) only the lands of the plaintiff corporation and the lands of the individual members thereof, or (*b*) lands owned by the corporation and by the individuals which together own the canal.

This must be determined from the complaint alone. The rule is fundamental, not now announced as something new, that for the purposes of a demurrer the truthfulness of the allegations of the pleadings thus objected to is admitted. But a reference is here made to the doctrine because arguments have been urged in support of a supposed case not made by this complaint, and our opinion has been asked, apparently with the expectation that it would be given, upon important questions that are not now before us. If the facts pertaining to the Empire Canal and the use that has been made of it are not as set forth in the complaint, the proper way to present the true or different state of facts, or to complete the partial statement contained in the complaint, is by way of answer, not by demurrer.

Our decision, then, is predicated upon the issues, and those alone, which are presented by the pleadings.

This canal is exempt from taxation upon either or both of two grounds. A fair construction of the allegations of the

complaint is that the various individuals to whom the plain-
tiff corporation has sold water rights from time to time there-
by became shareholders of the plaintiff corporation, and are
entitled to a vote and voice in the management and affairs
of the company.

It also appears from the allegations of the complaint that
by these contracts of purchase the grantees of water rights
have acquired an interest in the canal itself, and that the
complete ownership of the canal is vested in the plaintiff cor-
poration and its individual grantees, so that the canal has
always been exclusively devoted to one, or both, of two uses,
viz., *first*, for irrigating lands owned by the plaintiff corpora-
tion and lands owned by its individual shareholders; *second*,
for irrigating lands owned by the plaintiff corporation and by
individuals who, by their contract with the plaintiff for the
purchase of water rights, have secured a partial ownership in
said canal, which canal was and now is owned by the plain-
tiff corporation and by said individual grantees.

The radical difference between these conclusions and those
reached by the court of appeals in 1 Colo. App. 210, springs
from the construction given to the averments of the pleading,
and not, of necessity, from the opinions entertained by the two
courts with respect to the rights of the owners of lands who
hold rights to water carried by the canal; but in view of.the
variance between the courts on this question as shown in
*Wyatt v. The Larimer & Weld Irrigation Co.*, 18 Colo. 298,
which was decided long after the judgment in the present
suit, some reference ought perhaps to be made to one para-
graph of the opinion rendered by the other court.    It is said
therein : " The right to demand water from the ditch, and
have a given quantity per second delivered from the ditch to
the consumer, carries with it no property interest in the ditch
itself.    It is at most but a contract sounding in damages in
case of ·nonperformance on the part of the corporation."

We do not regard the suggestions of fact as supported by
the complaint, and as a declaration of law, as to the nature
of this class of water rights, we would be compelled, in a

proper case, to hold it erroneous and at variance with the rule that was settled in the *Wyatt Case, supra.*

Therefore, if the exclusive use is to irrigate lands of the corporation and its shareholders, the canal comes within the scope of the second general class above mentioned. If the canal is owned by the corporation and individuals, and is exclusively used to irrigate only their lands, then it comes within the third general class above mentioned.

No question is raised by the defendant of any indefiniteness or uncertainty in the complaint as to which of the foregoing classes this canal belongs, nor is there any objection that two causes of action have not been separately stated in the complaint.

To this is applicable the observation, in the first part of this opinion, that only such questions as are fairly presented by the complaint and the general demurrer are before us for determination.

It follows that the demurrer to the complaint should have been overruled. The judgment, therefore, of the court of appeals is reversed, with directions to reverse the judgment of the district court of Rio Grande county, and remand the cause to that court for further proceedings in accordance with this opinion.

*Reversed.*