[No 4060.]

MURRAY, RECEIVER OF THE LOUTSENHIZER DITCH CO. v. THE BOARD OF COUNTY COMMISSIONERS OF MONTROSE COUNTY.

1. TAXES AND TAXATION—EXEMPTIONS.

Exemptions from taxation are to be strictly construed and cannot be enlarged by construction. The privilege must be limited to the very terms of the law under which it is claimed.

2. TAXES AND TAXATION—EXEMPTIONS—WATER RIGHTS—DITCHES.

Where a ditch company conveyed to the consumers under the ditch, water rights by deeds which vested in them the right to the perpetual use of a certain amount of water flowing through the ditch and with a proviso that when the company had sold water rights to the extent of the carrying capacity of the ditch, the ditch system should be turned over to the holders of water rights, so long as the company retains an interest in the ditch with water rights unsold it is not exempt from taxation under the constitution and statutes exempting ditches owned and used by individuals or corporations for irrigating lands owned by such individuals or corporations, or the individual members thereof.

*Error to the District Court of Montrose County.*

Mr. F. D. CATLIN, Mr. THOS B. STUART and Mr. CHAS. A. MURRAY for plaintiff in error.

Mr. John Gray for defendant in error.

Mr. JUSTICE GABBERT delivered the opinion of the court.

The contention of plaintiff in error is, that under the facts the Loutsenhizer ditch, by virtue of the provisions of the constitution and laws of the state, is exempt from taxation. The trial court held that it was not. Plaintiff in error claims that the ditch is owned and used by the Loutsenhizer Company and its co-owners exclusively for the purpose of irrigating lands owned by them.

From the pleadings and evidence it appears that the ditch company is a corporation organized and existing under the laws of this state, for the purpose of building and maintaining an irrigating ditch. Consumers under this ditch have acquired their rights by virtue of deeds from the company which provide that each water right purchased shall vest in the holder or owner (under stated restrictions) the right to the perpetual use of water flowing through the ditch of the company not exceeding one cubic foot of water per second; that the number of water rights which may be sold from the ditch shall be based upon the estimated capacity of such ditch system, and that when the practical carrying capacity of the ditch has been disposed of by the company, the system may be turned over, at its option, to the holders of water rights therein. By a supplemental agreement between the company and most of the holders of the water rights, it was agreed that when water rights equal to the amount of 160 cubic feet of water per second of time (or less, if the company should so elect), have been disposed of, it should, without further consideration, for the benefit of the purchasers of water rights, deed its canal, franchises and property to a new company in the manner provided in the original water deeds. The company has sold, approximately, water rights aggregating one-half

of the estimated capacity of the ditch. It still retains the title to the ditch, and has made no offer to deed to the consumers, as provided in the water deeds or the supplemental agreement thereto. The company is still offering to sell water rights, and purposes enlarging its ditch so that its capacity may equal 160 cubic feet per second.

The constitution provides: "Ditches, canals and flumes, owned and used by individuals or corporations, for irrigating lands owned by such individuals or corporations, or the individual members thereof, shall not be separately taxed, so long as they shall be owned and used *exclusively* for such purpose." Sec. 3, Art. 10.

In harmony with this provision, the legislature has provided: "That all ditches used for the purpose of irrigation, and that only, where the water is not sold for the purpose of deriving a revenue therefrom, be and the same are hereby declared free from all taxation, whether for state, county or municipal purposes." Sec. 2397, 1 Mills Ann. Stats.

In designating the property which shall be exempt from taxation, the statutes state: "* * * Ditches, canals, and flumes, owned and used by individuals or corporations for irrigating lands owned by such individuals or corporations, or the individual members thereof, shall not be separately taxed, so long as they shall be owned and used *exclusively* for such purpose * * * ." Sec. 3766 Mills Ann. Stats.

Exemptions from taxation are to be strictly construed, and cannot be enlarged by construction, for unless the privilege is limited to the very terms of the law under which it is claimed, its operation would be extended beyond what was intended. Cooley on Taxation, (2nd ed.) 205; 25 Enc. Law, (1st ed.) 157; *Vicksburg, etc., R. R. Co. v. Dennis,* 116 U. S., 665, 6 Sup. Ct. Rep., 625.

The proposition of counsel for plaintiff in error is, in effect, that those owning water rights in the ditch are not charged for the use of water; that by virtue of the ownership of such water

rights, they are owners of interests in the ditch, and that water
is not furnished to any one except these consumers; hence, that
it is used exclusively for irrigating lands owned by such con-·
sumers.    The full material facts do not admit of this conclusion.
True, the consumers pay nothing in the shape of an annual ren-·
tal for the use of water, except such assessments as may be levied
for the purpose of keeping the ditch in repair.    Conceding that
they own an interest in the ditch, they are not as yet the sole
owners.    The company is a co-owner with them; the title to the
ditch is still vested in the corporation.    It has reserved to itself
the right to retain such title until the capacity of the ditch has
been sold.    It still has a large number of water rights which
it is offering for sale.    While it may be true that at some time
in the future, the ditch will be owned exclusively by those using
water therefrom for the purpose of irrigating lands which they
own, or in which they are interested, that is not the condition
at the present time.    The evident purpose of the company in still
retaining the title to the ditch is to derive a revenue from the
further sale of water rights.    That the purchasers of such rights
may use the water in irrigating their lands only does not change
the situation.    The fact still remains that so long as the company
is interested in the ditch with water rights remaining unsold, it
is its purpose to make use of the ditch as a means through which
to derive a profit from the sale of further water rights.    The pro-
vision of the constitution upon which the ditch company relies
was adopted for the sole benefit of those canals which are exclu-·
sively used for irrigating lands owned by those who own the
canal in whole or in part—*Empire Canal Co. v. Rio Grande
County,* 21 Colo., 244.

The consumers appear to be making the use contemplated by
the constitution, but the ditch company is not; hence, the ditch
is not used exclusively for the purpose of irrigating lands belong-
ing to the owners of the ditch.    In Empire Canal Co. Case, *supra,*
the facts as deduced from the averments of the complaint are

essentially different from those in the case at bar. It was there held that according to the statements in the complaint, the canal was used only for the purpose of irrigating lands belonging to the owners of such canal. The judgment of the district court is affirmed.

*Affirmed.*