WHEATLAND INDUSTRIAL COMPANY, a Corporation, and WYOMING DEVELOPMENT COMPANY, a Corporation,

*Plaintiffs and Respondents,*

vs.

EDITH S. JOHNSON, as County Treasurer of Albany County, Wyoming, and THE BOARD OF COUNTY COMMISSIONERS of Albany County, Wyoming.

(No. 2369; November 18th, 1947; 186 Pac. 2d. 377)

For the Defendants and Appellants, the cause was submitted upon the brief and also oral argument of Mr. Lenoir Bell of Laramie, Wyoming.

For the Plaintiffs and Respondents, the cause was submitted upon the brief of Mr. James A. Greenwood of Cheyenne, Wyoming, and Mr. W. B. Jones of Wheatland, Wyoming, and oral argument by Mr. Greenwood.

## OPINION

BLUME, Justice.

This case involves the question as to whether or not certain irrigation works of the Wyoming Development Company and the Wheatland Industrial Company, plaintiffs herein, situated in Albany County, Wyoming, by means of which water is supplied for land located mostly in Platte County, Wyoming, are taxable in Albany County.

The essential facts herein appear to be in substance as follows: Many years ago and before the appropriations hereinafter mentioned were made, the Wyoming Development Company acquired the ownership and control of 58,813 acres of land in what is now known as Platte County in this state. The land was not productive without artificial water, so on May 15, 1883, the foregoing company undertook to appropriate 633 cubic feet of water per second of time by direct flow from Laramie River in Albany County. The diversion works to accomplish this purpose are probably located in Sec. 35, Twp. 23 North, Range 72 in Albany County, although the record is confusing on that point. See report of the State Engineer in 1894, pages 136 to 137. The exact location is not important herein. The water was conveyed thence by tunnel, creeks and canals onto land, most of which, as already stated, is in Platte County. The Board of Control adjudicated the rights of appropriators from Laramie River at its meeting in March 1903, and awarded the foregoing company 633 cubic feet of water per second of time by direct flow for the irrigation of the 58,813 acres above mentioned, with a priority numbered 17. The lands were specifically described. This adjudication so made to

the aforesaid company was approved by decree of the District Court of Laramie County, Wyoming, on December 27, 1912.

The foregoing appropriation of water by direct flow was insufficient to properly irrigate the lands above mentioned for the whole irrigating season, and the irrigation of some additional lands was contemplated. So about January 1898 the Wyoming Development Company obtained from the State Engineer Permit No. 1724 to permit the storage of water from the Laramie River in Albany County as a supplementary supply for the irrigation of the lands heretofore mentioned, and of 4747 acres additional land, making a total of 63,560 acres. Pursuant to this permit the Wyoming Development Company impounded the water of Laramie River in Albany County in what is known as Wyoming Development Company Reservoir No. 2, and conveyed the water thence into Platte County, except water for some 200 acres of land in Albany County, which is taxed separately in that county. The reservoir appears to be located in Sec. 6, Twp. 21, Range 73 in Albany County. The Wyoming Development Company on December 22, 1902, transferred this reservoir to the Wheatland Industrial Company under the condition and limitation, however, whereby the water accumulated and stored in the reservoir should be available for irrigation of the lands of the Wyoming Development Company and others.

Albany County, in 1933 and subsequent years, assessed the tunnel, dam and other irrigation works connected with the appropriation by direct flow of 633 cubic feet of water, and also the irrigation works connected with reservoir No. 2 above mentioned, including the land submerged thereby. Assessments against these irrigation works had apparently also previously been made and the taxes levied had been paid. Protests, how-

ever, on the part of the foregoing companies were lodged with the county, protesting that the taxes levied were illegal. The companies refused to pay the taxes levied for 1933 and subsequent years, and this action was brought against the County Treasurer and the Board of County Commissioners of Albany County, to have the assessments and the levies made against these irrigation works declared invalid. The trial court found for the plaintiffs, the companies above mentioned, and on October 7, 1946, entered the following decree:

"WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that Albany County, Wyoming, acting through the County Treasurer of Albany County and The Board of The County Commissioners of Albany County, Wyoming, their successors in office, their agents and representatives, or otherwise, be, and they are, hereby perpetually enjoined from taxing, or attemping to tax, the following described properties: said water right Priority No. 17 of May 23, 1883, and said reservoir right with Permit Reservoir No. 1724, dated January 29, 1898, including the diversion dam, tunnel, tunnel canal and ditches used to divert water from the natural channel of the Laramie River, and the Wyoming Development Company Reservoir No. 2 dam and spillways, and the land constituting the area of said reservoir No. 2 to an elevation level of sixty-nine hundred sixty-four (6964) feet, being the high-water line of said area required to impound water to a depth of thirty (30) feet at the location of the control tower of said reservoir, together with the storage capacity therein, located in Albany County, Wyoming, and used to capture and impound water from the Laramie River under said reservoir right; and all easements and other instrumentalities necessary to the use and enjoyment of said water right and reservoir right;

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the tax heretofore levied upon said properties for the year 1933 by Albany County, Wyoming, was an illegal and void tax; that said Albany County and its officials be, and they are, hereby perma-

nently enjoined from collecting any tax heretofore levied thereon for the years 1933 to 1946 inclusive;" From that judgment the defendants herein have appealed to this court.

The record indicates, and the trial court evidently found, that in 1933 and subsequent years approximately 54,000 acres of land were taxed in Platte County as lands irrigated pursuant to and from the appropriation of water above mentioned and from some minor appropriations not necessary to be mentioned herein. About 44,000 acres of these lands had been conveyed to various and numerous parties, each of whom obtained his proportionate share of the foregoing water rights by deed from the Wyoming Development Company and the Wheatland Industrial Company, plaintiffs in this case. The forms of these deeds are set out in Anderson vs. Wyoming Development Company, 60 Wyo. 417, 154 Pac. 2d 318 and need not be further described herein. There seems to be some confusion in the record as to the actual number of acres irrigated by the foregoing water rights. Counsel for appellant mentions 47,757 acres as "obtaining water from the companies". However, he also states that approximately 54,000 acres are irrigated through the system of the companies; that there are approximately 44,000 acres of land owned by persons who have acquired water rights from the plaintiff companies; that the companies still own the remaining land, approximately 10,000 acres. We shall accept that statement as approximately correct, since that appears to be in accord with the evidence herein. The exact acreage, however, is not important. The point of importance is as to whether or not the water rights above mentioned are appurtenant to and beneficially used on the lands which are taxed or taxable. The testimony is undisputed that the available water under the appropriations above mentioned is all appurtenant to and beneficially used on the lands, all of which lands,

except a small amount, are located in Platte County. The water available by reason of appropriations above mentioned is not nearly sufficient to irrigate the 58,813 acres for which the water by direct flow under the priority No. 17 was appropriated, or the 63,560 acres mentioned in connection with Permit No. 1724 for reservoir water. In fact the case of Anderson vs. Wyoming Development Co., supra, was brought because of the insufficiency of available water on the lands then irrigated under the foregoing appropriations.

This court stated, in the early case of Frank vs. Hicks, 4 Wyo. 502, 531, 35 Pac. 475, as follows: "Thus it seems that the doctrine is very general in the states of the arid region that a water right becomes appurtenant to the land upon which the water is used, and the ditch, water-pipe, or other conduit for the water, becomes attached to the land either as appurtenant, or incident to the land and necessary to its beneficial enjoyment, and therefore becomes part and parcel of the realty." And in accordance with that rule it is generally held that a water right, including all irrigation works and the right to the use of water is taxable along with the land on which the water is used. 51 Am. Jur. 439; Wiel on Water Rights in the Western States, 3rd Ed., 594; Long, Irrigation, 2d Ed., Sec. 173; Annotation in 64 A. L. R. 143 to 154; The Empire Land & Canal Co. vs. Board of County Commissioners, 1 Colo. App. 205; 28 Pac. 482; Empire Land & Canal Co. vs. Board of County Commissioners, 21 Colo. 244, 40 Pac. 449; Kendrick vs. Twin Lakes Reservoir Company, 58 Colo. 281, 144 Pac. 884.

The taxation of water rights is provided for and regulated by the following sections of the Wyoming Compiled Statutes of 1945:

"32-1501.   Water rights and reservoir rights taxed as real estate.—All water rights and reservoir rights ac-

quired under or through permits issued by the state engineer, and having their origin within this state, shall be assessed and taxed as real estate as hereinafter (§§ 32-1501—32-1505) provided.

"32-1502. Water rights and reservoir rights taxed with lands.—Water rights and reservoir rights originating within this state, and appurtenant to and beneficially used in connection with lands within this state shall be assessed and taxed with the said lands.

"32-1503. Water rights and reservoir rights taxed at place of origin.—Water rights and reservoir rights originating within this state, and not appurtenant to and beneficially used in connection with lands within this state and taxed with said lands, or beneficially used for other purposes within this state, shall be separately listed and assessed for taxation, at the true value thereof, at the place of origin of such water rights or reservoir rights.

"32-1504. Interest taxable.—Water rights and reservoir rights, for the purpose of taxation, shall include the proportionate interest in any ditch, dam, reservoir, and the storage capacity therein, easement or other instrumentality necessary to the use and enjoyment of such water right or reservoir right, and such proportionate interest in such ditch, dam, reservoir, and storage capacity therein, easement or other instrumentality necessary to the use and enjoyment of said water right or reservoir right shall not be otherwise taxed."

The contention of counsel for appellant herein is lucidly stated as follows:

"Under Section 32-1503, it is not sufficient that the water rights and reservoir rights be merely appurtenant to and beneficially used in connection with the lands, but these rights must be *taxed* with these lands. If this rule is applied, it will mean that Respondents must show that 63,560 acres of land are taxed as lands having water rights rather than the approximately 48,-000 acres of land in the project, now taking water from the companies's system and taxed as irrigated lands in order that the company's irrigation works should be exempted from separate taxation by Albany County. Section 32-1504 recognizes the proportionate interest

that water rights and reservoir rights have in irrigation works for the purpose of taxation. It is not the policy of the law that property otherwise taxable should escape taxation. Taking 48,000 acres as the amount of the land irrigated by the companies' works and taxed as irrigated land 48,000/63,560 of the companies' irrigation works in Albany County would be exempt from separate taxation in this County. The remaining proportion would be subject to Albany County taxation. Now the rule contended for by Respondents would mean that in this particular instance approximately $\frac{1}{4}$ of the respondents' property would go free of taxation. It is no answer that the Respondents have always used all available water and that they never had in one season enough water to irrigate 63,560 acres. If this argument is valid it would mean that the owner of a 100 room hotel could say that his property should not be taxed as a 100 room hotel because he never rented more than 75 rooms at one time, and consequently his property should be taxed as a 75 room building."

Counsel seemingly should have used 54,000 acres instead of 48,000 acres as a basis for his contention, as already heretofore indicated, but that is of no importance herein. The gist of his contention is that the right representing the difference between the permitted appropriation for 63,560 acres and the water right actually taxed or taxable, along with lands, represents the right that should be taxed in Albany County. Of course, if there were any existing right that is not taxable along with the lands, the theory would be correct, and Section 32-1503, supra, would be applicable. But the evidence shows that there is no such right. All the available water is taxed or at least taxable along with and as part of lands. It is all appurtenant to and beneficially used on land. Experience of a number of years in the case at bar has shown that there will be no more water available than has already been utilized in order to irrigate any greater area of land than has already been actually irrigated, and there is little use in speculating on uncertain possibilities of the future.

The mere fact that an appropriator undertakes and is permitted by the State Engineer to undertake an appropriation for 63,560 acres does not necessarily mean that he will succeed in his undertaking. A grant of a water right purporting to convey one cubic foot when a water right of only one-half cubic foot is in existence is in fact a grant of only the latter amount. Just so in the case at bar. It is only to the extent of the available water that a water right exists. There is no such thing as a water right without water. The water is the kernel; the dam tunnel and canals or other conduits are but the shell, worthless without the kernel. As stated in North Side Canal Co. vs. State Board of Equalization, 17 Fed. 2d 55, 59, speaking of reservoirs: "There is, of course, a right in the use of these structures and in their protection. But they are valueless except for the intended purpose; and they are integral and indispensal parts of the water right itself, which under the general rule in the arid States becomes appurtenant to the lands to which the water is applied." And in Kendrick vs. Twin Lakes Reservoir Company, supra, the court, also speaking of reservoir works, stated: "The dam in the old channel has no utility or value disconnected from the reservoir; that is, in and of itself. The essential thing or real value is in the impounded water or water rights in the reservoir, and it is only as the dam, as a part of the system, is used to impound water, that it has any utility or value whatever. It is a means to an end, which is the furnishing of a supply of water for irrigation to the stockholders. Apart from this object, it has no value." It may be that counsel assumes along with his argument, although he does not so state, that the capacity of the reservoir No. 2 and of the tunnel and ditches and canals is sufficient to hold and carry water to irrigate 63,560 acres of land. The record does not show whether it is or not. But even if it is, we hardly think that an appropriator is com-

pelled to see to it at his peril that the capacity is exactly as large and no larger than the amount of water contained or carried, or that the statute contemplates taxation of something that has no value. If any comparison is to be made to a hotel it is not such as counsel seems to think. A more accurate comparison would be made by saying that the appropriator undertook to construct a hotel of 100 rooms, but was able to get the essential material for only 75 rooms.

In view of what we have said we think that Sec. 32-1502 is the section of the statute applicable herein, and that the judgment of the trial court must be, and it is, affirmed.

RINER, C. J., and KIMBALL, J., concur.