491 P.2d 182

**CLAIR KRACAW & SONS, INC., an Idaho corporation, Plaintiff-Respondent,**

v.

**Everett N. GOODWIN, as Assessor of Bingham County and Bingham County, Idaho, Defendants-Appellants.**

**CLAIR KRACAW & SONS, INC., an Idaho corporation, Plaintiff-Respondent,**

v.

**Ralph E. LACY, as Assessor of Bannock County, Idaho and Bannock County, Idaho, Defendants-Appellants.**

**Nos. 10814, 10816.**

Supreme Court of Idaho.

Dec. 1, 1971.

Kenneth F. Clarke, Blackfoot, for defendants-appellants, Everett N. Goodwin and Bingham County.

Hugh C. Maguire, Jr., Pocatello, for defendants-appellants, Ralph E. Lacy and Bannock County.

Furchner, Anderson & Martsch, Blackfoot, for plaintiff-respondent.

SHEPARD, Justice.

This case consolidates two appeals from judgments entered in the lower court in favor of plaintiff-respondent and against the Assessors of Bingham and Bannock Counties. We are called upon to review the actions of the respective assessors who determined that portable irrigation equipment is taxable when located upon, and being used, to irrigate tax-exempt Indian lands.

In 1968 the respective county assessors assessed taxes against plaintiff-respondent's portable irrigation equipment located in Bingham and Bannock Counties. Those assessments were confirmed by the respective County Boards of Equalization and upon appeal were affirmed by the State Tax Commission. Plaintiff-respondent then brought these actions in the District Court which reversed the action of the State Tax Commission and held that the property of plaintiff-respondent was exempt from taxation. We affirm the judgments of the District Court.

The facts in both cases are stipulated and are identical. The only exception is that in 1967 plaintiff-respondent had brought an action in the Seventh Judicial District Court, seeking an exemption from the taxes levied by Bingham County in that year. In that 1967 case judgment was entered in favor of the Bingham County assessor and no appeal resulted therefrom.

The case at bar presents only one issue for our determination: does I.C. § 63–105I provide and require a tax exemption for the irrigation equipment of the plaintiff-respondent herein?

I.C. § 63–105I provides in pertinent part:

"Water rights for the irrigation of lands are exempt from taxation. Canals, ditches, pipelines, flumes, aqueducts, reservoirs, and dams, used primarily for the irrigation of lands, are exempt from taxation to the extent irrigation water is thereby conveyed, stored or diverted; provided that if any portion of such property is used for purposes other than irrigation of lands the assessor shall determine the entire value of such property so used and assess the proportionate part of such property that is devoted to such use."

The argument of the assessors is two-fold. First, they contend that the intent of I.C. § 63–105I was only to exempt "main" pipelines and since the property of the plaintiff-respondent consists of portable pipelines equipped with sprinkler heads it is not exempt. We reject that argument and agree with the conclusion of the District Court wherein it noted that if the Legislature intended such a construction it would clearly have so stated. Appellants further argue that the construction and application of statutes by executive and administrative officers of the State is entitled to great weight and that the State Tax Commission is a constitutionally created body with delegated authority by the legislature to execute the tax purpose of the legislature, and that its acts within the scope of that delegated authority should be respected by the courts in the absence of the clearest abuse of discretion. Idaho Public Utilities Commission v. V–1 Oil Company, 90 Idaho 415, 412 P.2d 581 (1966); C. C. Anderson Stores Co. v. State Tax Commission, 91 Idaho 413, 422 P.2d 337 (1967).

Assuming, without conceding, that the above rules of law are applicable to the case at bar, they nevertheless militate against appellants' argument. It is stipulated between the parties hereto that the County Assessors, County Boards of Equalization, and the State Tax Commission exempt all other similar pipeline equipment. The only deviation from such rule is when, as in the case at bar, the irrigation equipment is located and used upon Indian lands. It is obvious that the only real reason for the determination that plaintiff-respondent's equipment is assessable for taxation purposes is the fact that it is located and used upon Indian owned tax exempt land. Appellants' argument regarding "portable" as contrasted with "main" pipelines is without foundation since the taxing authorities of the state act in a completely contrary fashion and we are urged by appellants to respect the views of those bodies.

We turn then to consideration of appellants' second argument, that it was the legislative intent to exempt only irrigating equipment located and used upon lands which are taxable and since respondent's equipment is located and used upon tax-exempt Indian lands the equipment should be taxable. Again we fail to perceive any such legislative intent to be gained from a plain reading of the statute. The principal thrust of appellants' second argument is that the intent and purpose of I.C. § 63–105I was to exempt only that irrigation equipment which produces an enhanced value to otherwise fully assessed lands. Or put another way, the legislative intent was to avoid double taxation which would result from taxing both irrigation equipment and the land which is enhanced in value by the existence of that irrigation equipment.

In support of that argument appellants cite Spokane Valley Land & Water Co. v. Kootenai County, Idaho, 199 F. 481 (D.C. Idaho, 1912). In that case the court was dealing with a tax exemption statute [R.C. § 1644(12)] which exempted "irrigation canals and ditches" to the extent that the water therefrom was not sold or rented. The land benefited by the irrigation systems in that case was located outside the boundaries of the State of Idaho and hence non-taxable by the county. Appellants attempt to draw an analogy between the actual circumstances in the *Spokane Valley* case and the conclusions of the court therein to the case at bar. We do not deem the factual situation in that case to be substantially similar to the case at bar, nor do we deem the language of the Federal Court in its opinion persuasive in the case at bar. In the *Spokane* case, lands otherwise taxable were to be removed from the tax rolls and this appears to have been an important factor in the court's decision in *Spokane Valley*. That court said:

"To accept the plaintiff's view of the statute is therefore to hold that the state not only intended to permit a nonresident to come within its boundaries, and, without price, appropriate water for use outside the state, and *convert productive, revenue-bearing lands into nonproductive rights of way for canals and ditches,*

but also intended to encourage such an enterprise by exempting from taxation the entire property, including the right of way, which, but for the project, would bear its share of the burden of taxation; and all without any reciprocal advantage or possible benefit accruing to the state directly or indirectly." 199 F. 481, 484 (Emphasis added).

The language of that court decision which appellants argue should be persuasive in the case at bar is:

"In cases where the water is used for the irrigation of Idaho lands, it may be persuasively argued that the value of the irrigating system is correctly represented in the enhancement of the value of the lands irrigated therefrom, and that therefore, if such lands are fully assessed, the public revenues are not affected by the exemption of the irrigating canal." 199 F. 481, 482.

It is clear that if the legislature of the State of Idaho had intended to tax irrigation systems of whatever type which benefit lands not taxed by the State of Idaho, either because they lie out of its jurisdiction as in *Spokane Valley* or because they are otherwise exempt as Indian lands as in the case at bar, the legislature clearly could and would have drawn a clear line of demarcation between the two situations. We note that following the decision in *Spokane Valley* the legislature of Idaho promptly acted to clarify and withdraw the exemption which it had been argued exempted irrigation facilities benefiting out-of-state lands. Idaho Session Laws, 1913, Ch. 58, § 4(N): Idaho Compiled Stats. 1919, § 3099(14).

■ At this time this court is only called upon to construe an exemption statute of plain meaning which obviously includes the facilities involved herein. That statute has been construed by the taxing authorities to exempt all such equipment located upon otherwise assessed lands. Although exemptions from taxes must be narrowly construed against the taxpayer and in favor of the state (I.C. § 63–101; Sunset Memorial Gardens, Inc. v. Idaho State Tax Commission, 80 Idaho 206, 327 P.2d 766 (1958) ) even such a narrow construction precludes taxation in the case at bar.

■ We turn finally to the argument of the appellants in the Bingham County case that the unappealed decision of the Seventh Judicial District Court involving the 1967 taxes is conclusive and res judicata as to the Bingham County case presently at bar. We note that appellants cite no authority for that proposition and it appears to be contrary to the weight of authority. 150 A.L.R. 5; 162 A.L.R. 1204; Keokuk & W. R. Co. v. State of Missouri, 152 U.S. 301, 14 S.Ct. 592, 38 L.Ed. 450 (1894).

The judgment of the District Court is affirmed. Costs to Respondent.

McQUADE, C. J., McFADDEN and DONALDSON, JJ., and MAYNARD, District Judge, concur.